**E-filed 3/29/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARNETT,<br><br>        Petitioner,<br><br> vs.<br><br>MIKE KNOWLES, Warden,<br><br>        Respondent. | No. C 04-2782 JF (PR)<br><br>ORDER GRANTING<br>RESPONDENT'S MOTION<br>TO DISMISS<br><br><br><br>(Docket No. 13) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed two of Petitioner's claims and ordered Respondent to show cause why the petition should not be granted as to the remaining claims. Respondent filed a motion to dismiss the petition as untimely and unexhausted. Petitioner filed an opposition to the motion, and Respondent filed a reply. Petitioner filed a response to the reply, and Respondent filed a supplemental reply. Based upon the papers submitted, the Court concludes that the instant petition is untimely and will GRANT Respondent's motion to dismiss the petition (docket no. 13).

\\\

## BACKGROUND

Petitioner was convicted by jury of inflicting corporal injury resulting in a traumatic condition with a prior conviction (Cal. Penal Code § 273.55), battery with serious bodily injury (Cal. Penal Code §§ 242, 243(d), 1192.7), misdemeanor dissuading a victim from reporting (Cal. Penal Code § 136(b)(1)), and a misdemeanor violation of a domestic violence stay away order (Cal. Penal Code § 166(c)(1)).  Petitioner's sentence was enhanced based on his two prior serious felony convictions pursuant to California's "Three Strikes" law (Cal. Pen. Code §§ 1170.12, 667(b)-(i)).

On August 4, 1998, Petitioner was sentenced to thirty-five years-to-life in state prison. See Resp. Ex. I.  The state appellate court affirmed the judgment on September 27, 2000.  See Resp. Ex. II at 25.  The state supreme court denied a petition for review on January 10, 2001.  See Resp. Ex. III.  Petitioner filed a writ of certiorari in the United States Supreme Court, which was denied on June 11, 2001.  See Resp. Ex. IV.

Petitioner filed his first federal habeas petition in this Court on August 8, 2001, case no. C 01-20748 JF (PR).  Petitioner also filed a request for appointment of counsel and declaration of indigency, requesting that the Court appoint his state appellate attorney to represent him in his federal habeas action.  On August 22, 2001, Petitioner filed a letter with the Court which provided the contact information for his state appellate attorney and again requested appointment of counsel.  The Clerk of Court erroneously docketed Petitioner's letter as "attorney appointed" and listed Petitioner's state appellate attorney as counsel of record.  On August 30, 2002, the Court ordered Respondent to show cause why the petition should not be granted.  On the same date, in response to the Court's inquiry, Petitioner's state appellate counsel stated that she was not representing Petitioner and had not entered an appearance in the instant habeas action.  See Attachment A.  Counsel stated that she was willing to accept an appointment in Petitioner's case, id., and counsel's name remained on the docket sheet as representing Petitioner in his habeas action even though she was not actually appointed.  Petitioner was unaware of the situation, and subsequently filed a motion to appoint counsel on September 11, 2002.  On

September 30, 2002, Respondent filed a motion for clarification of case status and to enlarge time to file a response. On October 7, 2002, Petitioner filed a motion to dismiss his petition without prejudice pursuant to Federal Rule of Civil Procedure 41(a). In his motion, Petitioner stated that he intended to exhaust a claim in state court of which he did not become aware of until after he filed his federal petition. See Resp. Ex. V. Respondent had not yet filed an answer. The Clerk of Court closed the case administratively on October 8, 2002 based upon Petitioner's motion.

On October 8, 2002 Petitioner filed a habeas petition in the state superior court, which was denied on November 6, 2002. See Resp. Ex. VI. On November 21, 2002, Petitioner filed a habeas petition with the state appellate court, which was denied on February 5, 2003. See Resp. Ex. VII. On February 27, 2003, Petitioner filed a habeas petition in the state supreme court, which was denied on October 15, 2003. See Resp. Ex. VIII.

On October 29, 2003, Petitioner filed a purported amended petition in his previously closed federal habeas action, C 01-20748 JF (PR), alleging that he had exhausted all of his claims and now wanted to proceed with the amended petition. Petitioner also filed a motion to withdraw his earlier motion for voluntary dismissal. See Resp. Exs. XII, XIII. On July 7, 2004, this Court denied Petitioner's motion to withdraw his earlier motion to dismiss because the dismissed action, C 01-20748 JF (PR) was now closed. The Court instructed the Clerk to open a new action and file the amended petition and accompanying documents in the instant action, C 04-2782 JF (PR). See Resp. Ex. XIII. The instant federal habeas action was opened on July 12, 2004. Petitioner then filed a second round of state habeas petitions. The state supreme court denied the last petition on May 11, 2005.

\\\
\\\
\\\
\\\

Order Granting Respondent's Motion to Dismiss
P:\pro-se\sj.jf\hc.04\Barnett782mtd          3

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[1]

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

Petitioner's conviction became final on June 11, 2001, when the United States Supreme Court denied a petition for certiorari. Accordingly, Petitioner had until June 12, 2002 to file his federal habeas petition. The instant petition was deemed filed in this Court on October 27, 2003,[2] over a year after the limitations period expired. Therefore, the instant petition is untimely absent tolling.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process."

---

[1] In rare instances, not presented by the instant petition, the limitation period may run from a date later than the date on which the judgment became final. See U.S.C. § 2244(d)(1)(B)-(D).

[2] See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (deeming pro se federal habeas petition filed when prisoner signs petition and presumably gives it to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

1  Carey v. Saffold, 536 U.S. 214, 219-20 (2002).

2      The time during which Petitioner's first federal habeas petition was pending before
3  this Court is not tolled. An application for federal habeas corpus review is not an
4  "application for State post-conviction or other collateral review" within the meaning of
5  § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 180-81 (2001). Thus, the running of the
6  limitation period is not tolled for the period during which a petition is pending in federal
7  court. Id. at 181.

8      As noted above, Petitioner filed his first state habeas petition on October 8,
9  2002. Petitioner is not entitled to statutory tolling for any of his subsequent state habeas
10 petitions, as a state habeas petition filed after AEDPA's statute of limitations has ended
11 cannot toll the limitation period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
12 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that
13 has ended before the state petition was filed," even if the state petition was timely filed);
14 Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (same).

15     Having concluded that statutory tolling does not render the petition timely, the
16 Court must decide whether equitable tolling saves the petition. The one-year limitations
17 period can be equitably tolled if "extraordinary circumstances beyond a prisoner's control
18 make it impossible to file a petition on time." See Calderon v. United States District
19 Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). "When external forces, rather than a
20 petitioner's lack of diligence, account for the failure to file a timely claim, equitable
21 tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104,
22 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because
23 extensions of time should be granted only if "extraordinary circumstances beyond a
24 prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288
25 (citation and internal quotation marks omitted). The prisoner must show that "the
26 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345
27 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

28     The Ninth Circuit has held that the petitioner bears the burden of showing that this

"extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error).

Whether equitable tolling is in order turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). See, e.g., Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) (finding equitable tolling warranted where prison litigation coordinator promises the prisoner's lawyer to obtain the prisoner's signature in time for filing a petition, but then breaks his promise, causing the petition to be late). The prisoner must demonstrate reasonable diligence to get the benefit of equitable tolling in these circumstances. See Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2003) (indicating that thirty days is sufficient time for a petitioner to return to federal court following final action by the state courts); cf. Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (finding that petitioner was not reasonably diligent where he waited twenty-seven months to present unexhausted claims to California Supreme Court and seven months after that court's decision to return to federal court).

In his opposition, Petitioner contends that his case is similar to the United States Supreme Court's decision in Rhines v. Webber, 125 S. Ct. 1528, 1535 (2005), which held that the district court may stay mixed habeas petitions to allow the petitioner to exhaust unexhausted claims in state court. Petitioner claims that he did not have his trial transcripts when he filed his first federal petition in August 2001 because his appellate counsel still had them. Petitioner states that he wrote to his appellate counsel for the transcripts, and when he did not hear back from counsel, he filed his first federal habeas

petition. He received his trial transcripts some months later and discovered additional claims with the help of another inmate. Petitioner and this inmate believed that the petition would be tolled for the entire time it was filed in this Court. Therefore, Petitioner maintains that would not have requested a dismissal, pursuant to Federal Rule of Civil Procedure 41(a), of his first federal habeas action if he did not believe that the time would be tolled during his pending state habeas actions. Petitioner notes that he was diligent in filing his state habeas petitions immediately after he filed his motion to dismiss the first federal petition. See Pet.'s Opp. at 2-3. Petitioner submitted a declaration of inmate Jimmy St. Clair in support of his opposition. Furthermore, Petitioner alleges that he was not aware until May 2005 that counsel had been appointed in his first habeas action. Petitioner maintains that he would not have requested a dismissal of his first federal habeas petition if he had known that an attorney had been appointed to represent him. Petitioner maintains that the Court erred in granting his motion to dismiss when in fact he was represented by counsel. See Pet.'s Response to Reply at 2-3.

Respondent correctly points out that neither Petitioner's ignorance of the law nor the fact that Petitioner moved to dismiss his first habeas action after the statute of limitations had run entitle him to equitable tolling. Respondent also contends that because the dismissal of the initial petition was proper, the instant habeas petition does not relate back. See Anthony v. Cambra, 236 F.3d 568, 574 & n.1 (9th Cir. 2000); see also Dils v. Small, 260 F.3d 984, 986-87 (9th Cir. 2001) (federal petition does not relate back to earlier petition whose "life . . . has come to an end;" earlier petition had been properly dismissed for failure to exhaust, appeal from the dismissal had been dismissed, and mandate had been spread). A plaintiff has the absolute right to dismiss his or her action by filing a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). Said dismissal may be with or without prejudice, but unless plaintiff's notice of dismissal states otherwise, it is deemed to be "without prejudice." See Fed. R. Civ. P. 41(a)(1); Humphreys v. United States, 272 F.2d 411, 412 (9th Cir. 1959). No court order is

1   required.  Plaintiff's notice of dismissal is effective by itself to terminate the action: "[A]n
2   action may be dismissed by the plaintiff without order of the court . . . by filing a notice of
3   dismissal."  Fed. R. Civ. P. 41(a)(1); see also Hamilton v. Shearson-Lehman American
4   Exp. Inc., 813 F.2d 1532, 1534-1536 (9th Cir. 1987) (Rule 41(a)(1)(i) does not require
5   leave of court to dismiss the action).  A plaintiff's "absolute right" to dismiss his action
6   voluntarily before the defendants serve an answer or a motion for summary judgment
7   leaves no role for the court to play.  See American Soccer Co. v. Score First Enters., 187
8   F.3d 1108, 1110 (9th Cir. 1999).

9       Ordinarily illiteracy and pro se status are not extraordinary circumstances or
10  external factors that may excuse the many and oftentimes complex procedural
11  requirements a prisoner encounters when seeking federal habeas corpus relief.  See, e.g.,
12  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of deadline does not
13  warrant equitable tolling); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909
14  (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural
15  bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during
16  state habeas proceedings did not justify equitable tolling); United States v. Flores, 981
17  F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training
18  not external factors excusing abuse of the writ).  Whether a prisoner has been able to file
19  a prior state habeas petition is a factor in determining whether he was unable to timely file
20  a petition in federal court, unless the prisoner has shown a significant change in
21  conditions since the filing of that application.  See Gaston, 417 F.3d at 1034-35.  A
22  petitioner's reliance on bad advice from another prisoner is not an extraordinary
23  circumstance requiring equitable tolling.  Prisoners who assist other prisoners with legal
24  matters "are not subject to the ethical and fiduciary obligations of lawyers.  If their
25  miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA
26  limitation[] period, the time-bar would be rendered virtually meaningless."  Henderson v.
27  Johnson, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998).
28  \\\

Order Granting Respondent's Motion to Dismiss
P:\pro-se\sj.jf\hc.04\Barnett782mtd                          8

1    Here, Petitioner filed a motion for voluntary dismissal pursuant to Fed. R. Civ. P.
2 41(a) in order to pursue his new claims in the state court. There was no requirement for
3 the Court to consider the propriety of the dismissal or notify Petitioner of the applicable
4 statute of limitations. Because this earlier petition was not dismissed as a "mixed"
5 petition, the Court was not required to offer Petitioner the options presented in Rose v.
6 Lundy, 455 U.S. 509, 510 (1982). The Court concludes that the Ninth Circuit's recent
7 decision in Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines v.
8 Webber, 125 S. Ct. 1528, 1535 (2005)) (holding that the "erroneous dismissal" of a mixed
9 habeas petition is sufficiently extraordinary that it justifies equitable tolling from the date
10 the first habeas petition was dismissed until the date the second habeas petition was filed)
11 is inapplicable to the instant case because the dismissal here was based upon Petitioner's
12 own motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a). Nor was the Court
13 required to inform Petitioner of the requirements of AEDPA. See Pliler v. Ford, 542
14 U.S. 225, 231 (2004) (district court is not obliged to act as counsel or paralegal to pro se
15 litigants). Finally, the instant case is factually distinct from the petitioner in Rhines, 125
16 S. Ct. at 1535. Here, Petitioner's first federal petition was not a mixed petition containing
17 both exhausted and unexhausted claims, and Petitioner did not request a stay of the
18 proceedings or ask the Court to hold his petition in abeyance while he returned to state
19 court to exhaust his claims.

20    The Court recognizes that the docket erroneously reflects an appointment of
21 counsel based on Petitioner's notice providing his appellate attorney's contact
22 information. However, Petitioner admits that he was not aware of this error and did not
23 rely upon it. See Pet.'s Resp. at 1-2. The error clearly had no affect on Petitioner's
24 decision to dismiss his first petition voluntarily. Rather, Petitioner's erroneous belief that
25 the statute of limitations was tolled during all of his habeas proceedings caused him to file
26 his motion for voluntary dismissal after the Court had issued an Order to Show Cause.

27    The Supreme Court has left open the question whether the statute can be equitably
28 tolled for the period during which a petition is pending in federal court, see Duncan v.

Walker, 533 U.S. 167, 181 (2001). However, Petitioner fails to demonstrate that the Court's delay in issuing an Order to Show Cause to Petitioner's first federal habeas action was an extraordinary circumstance beyond his control that resulted in his inability to timely file a federal petition. The Court reviewed the petition and issued an Order to Show Cause to Respondent on August 30, 2002, prior to Petitioner's motion for voluntary dismissal filed on October 7, 2002. Once the Court issued this Order to Show Cause, Petitioner knew that his petition could proceed in this Court. Thus any delay in the Court's review of the first habeas petition could not have been the cause of Petitioner's inability to timely file his second federal petition.

Petitioner also claims that his appellate attorney's failure to provide him with transcripts resulted in his delay in recognizing the new claims he wished to exhaust in state court and led to his motion to dismiss his first petition voluntarily. However, Petitioner does not explain how the unavailability of transcripts caused him to file his new claims in the state courts more than a year after the United States Supreme Court denied his petition for certiorari. Petitioner states that he received the transcripts "some months" later, by which time he already had filed his timely federal habeas petition. See Pet.'s Opp. at 3. Petitioner then filed his motion for voluntary dismissal in October 2002, after the statute of limitations had run.

The Court concludes that Petitioner has not shown that there were circumstances beyond Petitioner's control which made it impossible for him to file a timely federal habeas petition. Petitioner fails to set forth which transcripts he received before he filed his state habeas petition, when he asked counsel for a copy of the relevant transcripts, what appellate counsel's response was, or why he needed a copy of those particular transcripts before filing his state habeas petition.

Respondent notes that Petitioner attached exhibits to his first federal petition which included copies of the Clerk's Transcript pages from the appellate record and Reporter's Transcript pages 498, 517, 555 through 560, 568, 593, 594 and 602. The court takes judicial notice that these documents were filed in Barnett v. Knowles, No. C 01-20748 JF

1  (PR), see Petition, Ex. D (docket no. 1).  The exhibit shows that Petitioner filed similar
2  portions of the underlying state court transcripts in his first federal habeas action and in
3  his subsequent state habeas petitions.  In his habeas petition filed in the superior court
4  over a year later, petitioner attached Volume VI of the Reporter's Transcript (pages 562-
5  605), the sentencing proceedings at which Petitioner was present.  Omitted from the
6  transcript were pages 568, 593, 594, 602 and 604.  Petitioner's second habeas petition
7  filed in the state appellate court included a copy of pages 555-560 and a complete
8  transcript of volume VI (pages 562-605).

9        Accordingly, the Court concludes that Petitioner has failed to show that the
10 unavailability of transcripts prevented him from recognizing any new issues and filing a
11 timely federal habeas petition in the instant case.  Petitioner obviously was present at the
12 sentencing proceedings, and he fails to show why any facts at issue at the sentencing
13 hearing were not known to him at the time of the hearing or following the conclusion of
14 his direct appeal.  See, e.g., United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004)
15 (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts
16 supporting claims which occurred at the time of his conviction could have been
17 discovered if he "at least consult[ed] his own memory of the trial proceedings;"  because
18 he did not do so, he did not exercise due diligence and was not entitled to a delayed start
19 of the limitations period under § 2255(4)).

20       The Court concludes that Petitioner has not established any facts demonstrating he
21 is entitled to equitable tolling.  Accordingly, the instant petition is barred as untimely
22 under 28 U.S.C. § 2244(d)(1).  Based upon its conclusion that the instant petition is
23 untimely, the Court declines to address Respondent's second argument that the instant
24 petition is not exhausted.
25 \\\
26 \\\
27 \\\
28 \\\

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (docket no. 13) is GRANTED. The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 3/28/06

_____
JEREMY FOGEL
United States District Judge

A copy of this ruling was mailed to the following:

Michael Barnett
P-07058
Mule Creek State Prison
P.O. Box 409000
Ione, CA  95640

Laurence K. Sullivan
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA  94102-7004