**Original filed 5/17/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL BARNETT, | ) | No. C 04-2782 JF (PR) |
| Petitioner, | ) | |
| vs. | ) | ORDER DENYING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY |
| MIKE KNOWLES, Warden, | ) | |
| Respondent. | ) | (Docket No. 29) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 29, 2006, the Court granted Respondent's motion to dismiss and dismissed the instant habeas petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). On May 5, 2006, Petitioner filed a motion to grant a certificate of appealability. The Court construes Petitioner's request as a notice of appeal. See Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir. 1990) (treating timely pro se motion for a certificate of probable cause as a timely notice of appeal). The Court concludes that the notice of appeal is timely as Petitioner signed and dated the notice on April 29, 2006. See Houston v. Lack, 487 U.S. 266, 276 (1988) (notice of appeal of pro se prisoner is deemed filed when it is delivered to prison officials for forwarding to the district court).

Order Denying Petitioner's Motion for Certificate of Appealability
P:\pro-se\sj.jf\hc.04\Barnett782coaden         1

1  The Court will deny the motion for a certificate of appealability (docket no. 29).

## DISCUSSION

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Upon the filing of a notice of appeal and a request for a certificate of appealability (COA), the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted. See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. §2253(c)(3)).

The Court dismissed the instant petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). The Court concluded that Petitioner failed to demonstrate that he was entitled to equitable tolling based upon the alleged circumstances that prevented him from filing a timely federal habeas petition. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Accordingly, the Court DENIES Petitioner's motion for a certificate of appealability (docket no. 29).

The Clerk shall transmit the file, including a copy of this order, to the Court of Appeals. See Fed. R. App. P. 22(b).[1]

IT IS SO ORDERED.

DATED: 5/17/06

JEREMY FOGEL
United States District Judge

---

[1] Petitioner may then ask the Court of Appeals to issue the certificate, see Fed. R. App. P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, see Fed. R. App. P. 22(b)(2).

Order Denying Petitioner's Motion for Certificate of Appealability
P:\pro-se\sj.jf\hc.04\Barnett782coaden          2

1 | A copy of this ruling was mailed to the following:

2

3 | Michael Barnett
P-07058
SATF - Corcoran
4 | P.O. Box 5242
Corcoran, CA 93212

5

6 | Laurence K. Sullivan
CA State Attorney General's Office
7 | 455 Golden Gate Avenue
Suite 11000
8 | San Francisco, CA  94102-7004

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner's Motion for Certificate of Appealability
P:\pro-se\sj.jf\hc.04\Barnett782coaden                3